# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANA PRATT, | ) |
|         Plaintiff, | ) |
| vs. | ) CIVIL NO. 08-453-GPM |
| OFFICE DEPOT, INC., a corporation, | ) |
|         Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On February 19, 2008, Plaintiff, Dana Pratt, filed suit against her former employer, Office Depot, Inc., in Illinois state court. Pratt alleged that after she filed a claim for worker's compensation and started receiving temporary total disability benefits, Office Depot wrongfully cancelled the medical insurance benefits she received as a full-time employee. Plaintiff further alleged that this cancellation amounted to a constructive discharge of her employment with Office Depot because she then was forced to seek medical benefits from public assistance. After being served, Office Depot removed the case to this Court, asserting that Pratt's claims are preempted by the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* Soon after, Office Depot filed a motion to dismiss Pratt's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. This motion was filed on June 30, 2008 and is now before the Court (Doc. 5). Pratt has not filed a response.

This Court's Local Rules provide:

> Motions to remand, to dismiss, for judgment on the pleadings, for summary judgment, and all post-trial motions shall be supported by a brief. The motion and brief may be combined into a single paper. An adverse party shall have **thirty (30) days** after the service (*see* FED. R. CIV. P. 6) of the movant's motion in which to serve and file an answering brief. ***Failure to timely file an answering brief to a motion may, in the court's discretion, be considered an admission of the merits of the motion.*** Reply briefs, if any, shall be filed within **ten (10) days** of the service of an answering brief. Reply briefs are not favored and should be filed only in exceptional circumstances. Under no circumstances will sur-reply briefs be accepted.

Local Rule 7.1(c) (emphasis added).

Since Plaintiff has failed to file a response to Office Depot's motion to dismiss, the Court considers this to be an admission of the merits of the motion. Additionally, the Court finds that Office Depot's motion to dismiss is well-taken.

In her complaint, Plaintiff alleges that Office Depot wrongfully cancelled her medical benefits under the employee health insurance plan and that this action constitutes a claim for Illinois common law constructive discharge. Regardless of how Plaintiff characterizes her claim, however, the Court finds that it is preempted under ERISA.[1] First, the health insurance plan that Plaintiff alleges was cancelled is an employee welfare benefit plan as defined and governed by ERISA. *See* 29 U.S.C. § 1002(1). Second, all state laws that "relate to" employee benefit plans, including any common law and state statutory rights of employees seeking to recover plan benefits, are preempted by ERISA. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987). In other words, with certain narrow exceptions, ERISA provides that the rights, regulations, and remedies afforded by that statute "supercede any and all state laws insofar as they may now or hereafter relate to any employee

---

[1]The Court notes that "[t]he preemptive force of ERISA is so powerful that it 'converts a state law claim into an action arising under federal law,' even if the plaintiff does not want relief under ERISA." *Jass v. Prudential Health Care Plan*, 88 F.3d 1482, 1490 (7th Cir. 1996).

benefit plan." 29 U.S.C. § 1144(a). As such, Plaintiff's claim is preempted by ERISA.[2] Because, however, ERISA does not provide a remedy for the claims and allegations made in Plaintiff's one-count complaint, Plaintiff's claim must be dismissed.[3] Accordingly, the Court **GRANTS** Defendant Office Depot's motion to dismiss (Doc. 5) and **DISMISSES** Plaintiff's complaint **WITH PREJUDICE**.

**IT IS SO ORDERED.**

DATED: 09/16/08

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[2]As noted in Office Depot's Notice of Removal, this preemption provides this Court's jurisdiction.

[3]The Court also notes that even if Plaintiff's claim was not preempted by ERISA, it fails to state a claim for retaliatory discharge since "[t]he Illinois Supreme Court has never recognized a cause of action for retaliatory constructive discharge, and it has repeatedly emphasized its disinclination to expand the present scope of retaliation claims." *Seddon v. Maytag Corp.*, 178 Fed. Appx. 557, 559 (7th Cir. 2006). *See also Metzger v. DaRosa*, 805 N.E.2d 1165, 1173 (Ill. 2004)("We have, however, *never* recognized a common law tort for any injury short of actual discharge.").